**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: 818-347-3333 | Fax: 818-347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN241057)
7095 Indiana Ave Ste 200
Riverside, CA 92506
(951) 682-9311
Email: trentpackerlaw@gmail.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MENDOZA<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HEMET; NICHOLAS SCHROEDER; SILAFAGA VAEOSO; and DOES 1-10, inclusive,<br><br>Defendants. | CASE No.: 5:21-cv-1134<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C. § 1983 (Unreasonable Search and Seizure – Excessive Force)<br>2. 42 U.S.C. § 1983 (Municipal Liability – Unconstitutional Custom, Practice, or Policy)<br>3. 42 U.S.C. § 1983 (Municipal Liability – Failure to Train)<br>4. 42 U.S.C. § 1983 (Municipal Liability – Ratification)<br>5. Battery<br>6. Negligence<br>7. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff KAREN MENDOZA for her Complaint against CITY OF HEMET, NICHOLAS SCHROEDER; SILAFAGA VAEOSO; and DOES 1-10, inclusive and hereby alleges as follows:

## INTRODUCTION

1.     This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and California law in connection with the use of excessive and unreasonable force against PLAINTIFF on May 2, 2020.

2.     Defendant OFFICER SCHROEDER caused PLAINTIFF'S injuries when he shot her multiple times with a kinetic impact device, causing severe injuries and requiring emergency surgery.

3.     Defendant OFFICER VAEOSO caused PLAINTIFF'S injuries when he climbed on top of PLAINTIFF to handcuff her, exacerbating her severe injuries.

4.     DOES 1-6, inclusive, ("DOE OFFICERS") caused various injuries herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident.

5.     Defendants CITY OF HEMET and DOES 7-10, inclusive, also caused various injuries and are liable under federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

6.     This action is in the public interest as PLAINTIFF seeks by means of this civil rights action to hold accountable those responsible for the serious bodily injury inflicted by DEFENDANTS, including OFFICERS SCHROEDER and VAEOSO, and CITY OF HEMET'S ratification, failure to

train, and policy of inaction in the face of serious constitutional violations, as well as the unlawful custom and practice with respect to the use force.

7.    PLAINTIFF suffered serious bodily injury as a direct and proximate result of the actions and inactions of DEFENDANTS CITY, SCHROEDER, VAEOSO, and DOES 1-10, inclusive. DEFENDANTS CITY, SCHROEDER, VAEOSO, and DOES 1-10, inclusive, are directly liable for PLAINTIFF'S injuries under federal law pursuant to 42 U.S.C. § 1983. DEFENDANT CITY is also vicariously liable for the acts and omissions of DEFENDANTS SCHROEDER, VAEOSO, and DOES 1-10, inclusive, pursuant to Cal. Govt. Code §§ 820 and 815(a).

## **THE PARTIES**

8.    At all relevant times, PLAINTIFF was an individual residing in Riverside County, California.

9.    Defendant CITY OF HEMET ("CITY") is a political subdivision of the State of California that is within this judicial district.   CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Hemet Police Department and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that actions, omissions, policies, procedures, practices, and customs of the Hemet Police Department and its employees and agents complied with the laws of the United States and the State of California.   At all relevant times, CITY was the employer of Defendants SCHROEDER, VAEOSO and DOES 1-10.

10.    Defendant NICHOLAS SCHROEDER ("SCHROEDER") is a police officer working for the Hemet Police Department.  At all relevant times, SCHROEDER was acting under color of law within the course and scope of

his duties as an officer working for the Hemet Police Department. At all relevant times, SCHROEDER was acting with the complete authority and ratification of his principal, CITY OF HEMET.

11. Defendant SILAFAGA VAEOSO ("VAEOSO") is a police officer working for the Hemet Police Department. At all relevant times, VAEOSO was acting under color of law within the course and scope of his duties as an officer working for the Hemet Police Department. At all relevant times, VAEOSO was acting with the complete authority and ratification of his principal, CITY OF HEMET.

12. Defendants DOES 1-6, inclusive, are officers for the Hemet Police Department ("DOE Officers"). At all relevant times, these Defendants were acting under color of law within the course and scope of their duties as Hemet Police Department officers and at other times they were working in their personal capacity as individuals outside the scope of their employment. At all relevant times, DOE Officers were acting with the complete authority and ratification of their principal, CITY.

13. Defendants DOES 7-10, inclusive, are managerial, supervisorial, or policymaking employees of the Hemet Police Department who were acting under color of law within the course and scope of their duties as supervisorial officers for the Hemet Police Department ("DOE Supervisors"). DOE Supervisors were acting with the complete authority of their principal, CITY.

14. PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFF will amend the complaint to allege the true names and capacities of those defendants when the same has been ascertained. PLAINTIFF is informed, believes, and on that basis alleges, that DOES 1-10,

COMPLAINT FOR DAMAGES

1  inclusive, and each of them, are responsible in some manner for the

2  occurrences alleged herein and proximately caused PLAINTIFF'S damages.

3      15.    On information and belief, DOES 1-10, inclusive, were at all

4  relevant times residents of the County of Riverside.

5      16.    PLAINTIFF is informed and believes, and on that basis alleges,

6  that Defendants acted at all times mentioned herein as the actual and/or

7  ostensible agents, employees, servants or representatives of each other and, in

8  doing the activities alleged herein, acted within the scope of their authority as

9  agents and employees, and with the permission and consent of each other.

10     17.    PLAINTIFF is informed and believes, and on that basis alleges,

11 that at all times mentioned herein all Defendants acted under color of law,

12 statute, ordinance, regulations, customs and usages of the State of California

13 and CITY.

14     18.    All Defendants who are natural persons, including DOES 1-10,

15 inclusive, are sued individually and/or in his/her capacity as officers, deputies,

16 investigators, sergeants, captains, commanders, supervisors, and/ or civilian

17 employees, agents, policy makers, and representatives of the Hemet Police

18 Department.

19     19.    DEFENDANT CITY is liable for the nonfeasance and

20 malfeasance of DEFENDANTS SCHROEDER, VAEOSO, and DOES 1-10,

21 inclusive, for the state law claims herein pursuant to Cal. Govt. Code §§

22 815.2(a), 815.6.    Further, DEFENDANTS SCHROEDER, VAEOSO, and

23 DOES 1-10, inclusive, are liable for their nonfeasance and malfeasance

24 pursuant to Cal. Govt. Code § 820(a).

25     20.    PLAINTIFF suffered serious bodily injury as a direct and

26 proximate result of the actions of Defendants SCHROEDER, VAEOSO, and

27 DOES 1-10 inclusive.  Defendants SCHROEDER, VAEOSO, and DOES 1-10

28

1  are directly liable for PLAINTIFF'S injuries under federal law pursuant to 42

2  U.S.C. § 1983.

3      21.    On July 29, 2020, PLAINTIFF timely filed a claim for damages

4  with the CITY pursuant to applicable sections of the California Government

5  Code.

6

7  **JURISDICTION AND VENUE**

8      22.    The Court has jurisdiction over PLAINTIFF'S claims pursuant to

9  28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because PLAINTIFF asserts claims

10  arising under the laws of the United States including 42 U.S.C. § 1983 and the

11  Fourth Amendment of the United States Constitution.    The Court has

12  jurisdiction over PLAINTIFF's state law claims pursuant to 28 U.S.C. § 1367.

13      23.    Venue in this judicial district is proper pursuant to 28 U.S.C.

14  § 1391(b), because all incidents, events, and occurrences giving rise to this

15  action occurred within this district.

16

17  **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

18      24.    PLAINTIFF repeats and re-alleges each and every allegation of

19  paragraphs 1 through 23, inclusive, as if fully set forth herein.

20      25.    PLAINTIFF sustained injuries, including but not limited to pain

21  and suffering when Defendants SCHROEDER, VAEOSO and DOES 1-6 used

22  excessive and unreasonable force against her and employed negligent tactics,

23  including when they shot her multiple times with a kinetic impact device and

24  forcefully arrested her without regard for her severe injuries.

25      26.    On May 2, 2020, Defendants SCHROEDER, VAEOSO, and

26  DOES 1-6 stopped a car in which PLAINTIFF was a passenger.

27

28

COMPLAINT FOR DAMAGES

27.    Defendant officers SCHROEDER, VAEOSO, and DOES 1-6 ordered PLAINTIFF to exit the car and walk towards them.    PLAINTIFF complied with the officers' commands, exited the car and walked towards the officers.

28.    PLAINTIFF had no weapons of any kind in her hands or within her reach.    PLAINTIFF had nothing in her hands whatsoever and her hands were visibly empty. PLAINTIFF was wearing a tank top and shorts and it was obvious PLAINTIFF did not have any weapons or anything else on her person or in her hands.    PLAINTIFF made no efforts to escape from the officers and was not being assaultive to the officers.    PLAINTIFF never verbally threatened any officer during the encounter and PLAINTIFF did not present a danger to the officers or anyone else throughout the encounter.    The 27-year-old PLAINTIFF, a mother, was a mere 5'4" and 120 lbs.

29.    While PLAINTIFF was not a threat to the officers or any other person, was unarmed, was not attempting to evade detention by flight, and was not attempting to resist detention, DEFENDANT SCHROEDER fired at least three kinetic impact rounds at PLAINTIFF.    PLAINTIFF was facing away from the officers when she was shot and presented no threat to the officers or anyone else.    PLAINTIFF was hit multiple times, including in the middle of her back, causing her serious pain and suffering.

30.    PLAINTIFF lay in extreme pain on the ground when officer VAEOSO used excessive and unreasonable force to place PLAINTIFF in handcuffs even as she writhed on the ground in pain.

31.    Even though PLAINTIFF was not resisting, PLAINTIFF had the right to resist excessive force.

32.    PLAINTIFF was subjected to unreasonable and excessive force, inflicted when she was shot multiple times with kinetic impact rounds.

COMPLAINT FOR DAMAGES

1  PLAINTIFF was subjected to further unreasonable and excessive force in the
2  manner that the officers restrained PLAINTIFF despite knowing that she was
3  in extreme pain and needed emergency medical attention.

4      33.  As a result of the excessive and unreasonable force, including
5  being shot with kinetic impact rounds, PLAINTIFF suffered serious bodily
6  injury which required emergency surgical intervention.    PLAINTIFF
7  continues to suffer pain to this day and has permanent scars.

8      34.  The use of force was excessive and objectively unreasonable
9  under the circumstances, especially because PLAINTIFF did not pose an
10  immediate threat to anyone.

11      35.  PLAINTIFF seeks damages for her past and future pain and
12  suffering including: impairment, disfigurement, emotional distress related to
13  her injuries, mental anguish, embarrassment, loss of quality of life, and any
14  medical expenses under these claims.    PLAINTIFF also seeks reasonable
15  attorneys' fees and costs.

16
17  **FIRST CLAIM FOR RELIEF**

18  **Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**

19  (By PLAINTIFF against Defendants SCHROEDER, VAEOSO and DOES 1-6,
20  inclusive)

21      36.  PLAINTIFF repeats and re-alleges each and every allegation of
22  paragraphs 1 through 35, inclusive, as if fully set forth herein.

23      37.  The Fourth Amendment of the United States Constitution, as
24  applied to State Actors by the Fourteenth Amendment, provides the right of
25  every person to be free from the use of excessive force by police officers.

26      38.  When Defendants SCHROEDER, VAEOSO and DOES 1-6,
27  inclusive, stopped PLAINTIFF's car, ordered her from the car and shot and
28

viciously attacked her, PLAINTIFF was not threatening any person, and PLAINTIFF never verbally threatened any person, including DEFENDANTS.

39.    Throughout the incident, PLAINTIFF presented no immediate threat to the safety of the officers or others, there were reasonable less intrusive options available to DEFENDANTS, and PLAINTIFF was not attempting to evade detention or arrest, was not resisting the detention or arrest, was not assaultive, and never attempted to punch or kick any officer or any others.    Thus, Defendants SCHRODER, VAEOSO and DOES 1-6 used excessive and unreasonable force, including deadly force, against PLAINTIFF when they shot her with kinetic impact rounds, including to her back (specifically her lower spinal cord area), and caused her serious bodily injury.

40.    Defendants SCHROEDER, VAEOSO and DOES 1-6 caused various injuries herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. DEFENDANTS' acts and omissions deprived PLAINTIFF of her right to be secure in her person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to State Actors by the Fourteenth Amendment.

41.    As a direct result of the aforesaid acts and omissions of Defendants SCHROEDER, VAEOSO and DOES 1-6, PLAINTIFF suffered great physical and mental injury, fear and emotional distress related to her physical injuries, and loss of his earning capacity in an amount according to proof.

42.    The conduct of Defendants SCHROEDER, VAEOSO and DOES 1-6 alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and warrants the imposition of exemplary and punitive damages in an amount according to proof.

43.    Defendants SCHROEDER, VAEOSO and DOES 1-6 were acting under color of state law and within the course and scope of their employment as deputies for the CITY OF HEMET.

44.    PLAINTIFF seeks damages for her past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity under this claim.

45.    PLAINTIFF also seeks attorneys' fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(By PLAINTIFF against CITY OF HEMET; and DOES 7-10, inclusive)

46.    PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 45, inclusive, as if fully set forth herein.

47.    Defendants SCHROEDER, VAEOSO and DOES 1-6, inclusive, acted under color of state law.

48.    Defendants SCHROEDER, VAEOSO and DOES 1-6, inclusive, acted pursuant to an expressly adopted of fiscal policy or longstanding practice or custom of the DEFENDANT CITY OF HEMET, and DOES 7-10, inclusive.

49.    On information and belief, Defendants SCHROEDER, VAEOSO and DOES 1-6, inclusive, were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with deprivation of PLAINTIFF'S rights.

50.    DEFENDANTS CITY OF HEMET, and DOES 7-10, inclusive, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

COMPLAINT FOR DAMAGES

(a)  Using excessive and unreasonable force, including deadly force on unarmed persons who do not pose an immediate risk of death or serious bodily injury to others;

(b)  Providing inadequate training regarding the use of force;

(c)  Providing inadequate training regarding de-escalation;

(d)  Employing and retaining as police officers, individuals such as Defendants SCHROEDER, VAEOSO and DOES 1-6, inclusive, who DEFENDANT CITY OF HEMET, and DOES 7-10, inclusive, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(e)  Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants SCHROEDER, VAEOSO and DOES 1-6, inclusive, who CITY OF HEMET knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits;

(f)  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by deputies of the CITY OF HEMET;

(g)  Failing to adequately discipline CITY OF HEMET deputies for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(h)  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which officers do not report other

11

officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

51.    By reason of the aforementioned acts and omissions, PLAINTIFF has endured substantial pain and suffering.

52.    DEFENDANTS CITY OF HEMET, and DOES 7-10, inclusive, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein. Despite having knowledge as stated above, these DEFENDANTS condoned, tolerated and through actions and inactions thereby ratified such policies. Said DEFENDANTS also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF and other individuals similarly situated.

53.    By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, DEFENDANTS CITY OF HEMET, and DOES 7-10, inclusive, acted with intentional, reckless, and callous disregard for the PLAINTIFF'S Constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by DEFENDANTS CITY OF HEMET and DOES 7-10, inclusive, were affirmatively linked to and were a significantly influential force behind PLAINTIFF'S injuries.

54.    The acts of each of DEFENDANTS DOES 7-10, inclusive, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore

1    warrants imposition of exemplary and punitive damages as to DOES 7-10,
2    inclusive.

3        55.    Based on information and belief, the following are only a few
4    examples of cases evidencing Defendant CITY'S unconstitutional policies,
5    where the involved deputies were not disciplined, reprimanded, retrained,
6    suspended, or otherwise penalized in connection with the underlying acts
7    giving rise to the below lawsuits, which indicates that the CITY OF HEMET
8    routinely ratifies such behavior and maintains a practice of allowing such
9    behavior:

10        (a)    In *Acosta. v. City of Hemet, et al.*, case number 5:19-CV-
11    00779-CJC, Defendant CITY settled with an unarmed man who was shot in
12    the back by CITY officers;

13        (b)    In *Erickson v. City of Hemet, et al.*, case number 5:19-CV-
14    00779-CJC, Defendant CITY settled with a man who was attacked by a K-
15    9;

16        56.    By reason of the aforementioned acts and omissions of
17    DEFENDANTS CITY OF HEMET and DOES 7-10, inclusive, PLAINTIFF
18    suffered past and future pain and suffering, loss of enjoyment of life, medical
19    expenses, and loss of earning capacity.

20        57.    Accordingly, DEFENDANTS CITY OF HEMET and DOES 7-10,
21    inclusive, each are liable for compensatory damages under 42 U.S.C. § 1983.

22        58.    PLAINTIFF also seeks attorneys' fees and costs under this claim.

23

24    / / /
25    / / /
26    / / /
27    / / /

28

COMPLAINT FOR DAMAGES

## THIRD CLAIM FOR RELIEF

### Municipal Liability for Failure to Train (42 U.S.C. §1983)

(By PLAINTIFF against CITY; and DOES 7-10, inclusive)

59.    PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 58 of this Complaint with the same force and effect as if fully set forth herein.

60.    Defendants SCHROEDER,  VAEOSO and DOES 1-6, inclusive, acted under color of law.

61.    The acts of Defendants SCHROEDER,  VAEOSO and DOES 1-6, inclusive, deprived PLAINTIFF of her particular rights under the United States Constitution.

62.    On information and belief, CITY OF HEMET failed to properly and adequately train Defendants SCHROEDER,  VAEOSO and DOES 1-6, inclusive, including but not limited to, with regard to the use of physical force, detention of an automobile, detention of a person, and arrest of a person.

63.    The training policies of DEFENDANT CITY OF HEMET were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including de-escalation techniques, and the use of less than lethal and lethal force.

64.    Moreover, the training policies of DEFENDANT CITY OF HEMET were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including ensuring traffic stops and detentions are legal and use of force is reasonable and not excessive.

65.    DEFENDANT CITY OF HEMET and DOES 7-10, inclusive, were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

COMPLAINT FOR DAMAGES

66.     The failure of DEFENDANT CITY OF HEMET and DOES 7-10, inclusive, to provide adequate training caused the deprivation of PLAINTIFF'S rights by Defendants SCHROEDER, VAEOSO and DOES 1-6, inclusive; that is, DEFENDANTS' failure to train is so closely related to the deprivation of PLAINTIFF'S rights as to be the moving force that caused the ultimate injury.

67.     The following are only a few examples of cases where the involved deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the CITY OF HEMET failed to adequately train its deputies with regard to the use of force:

> (a)     In *Acosta. v. City of Hemet, et al.*, case number 5:19-CV-00779-CJC, Defendant CITY settled with an unarmed man who was shot in the back by CITY officers;

> (b)     In *Erickson v. City of Hemet, et al.*, case number 5:19-CV-00779-CJC, Defendant CITY settled with a man who was attacked by a K-9;

68.     By reason of the aforementioned acts and omissions, PLAINTIFF has suffered past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity.

69.     Accordingly, DEFENDANT CITY OF HEMET and DOES 6-10, inclusive, are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

70.     PLAINTIFF also seeks attorneys' fees and costs of suit.

/ / /

/ / /

COMPLAINT FOR DAMAGES

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(By PLAINTIFF against CITY; and DOES 7-10, inclusive)

71.    PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 70 of this Complaint with the same force and effect as if fully set forth herein.

72.    Defendants SCHROEDER, VAEOSO and DOES 1-6, inclusive, acted under color of law.

73.    The acts of Defendants SCHROEDER, VAEOSO and DOES 1-6, inclusive, deprived PLAINTIFF of her particular rights under the United States Constitution.

74.    Upon information and belief, a final policymaker, acting under color of law, has a history of ratifying unreasonable uses of force, including deadly force.

75.    Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants SCHROEDER, VAEOSO and DOES 1-6's, acts and the bases for them.    Upon information and belief, the final policymaker knew of and specifically approved of Defendants SCHROEDER, VAEOSO and DOES 1-6's, acts.

76.    On information and belief, CITY OF HEMET final policymakers, including DOES 7-10, inclusive, knew that PLAINTIFF never presented a risk of harm to an officer or anyone else and that PLAINTIFF was always unarmed during the incident and complied with officers' commands.

77.    On information and belief, the official policies with respect to the incident are that officers are not to use force against an individual unless the individual poses an immediate risk of bodily injury to the officers or others.

COMPLAINT FOR DAMAGES

1  The officers' actions deviated from these official policies because PLAINTIFF

2  did not pose an immediate threat of death or serious bodily injury to the

3  involved officers or anyone.

4      78.    On information and belief, the CITY OF HEMET approved of the

5  officers' actions after a hearing presented by the officers' legal counsel to

6  DOES 7-10, inclusive, after which DOES 7-10, inclusive, found the officers'

7  actions to be within the official policies of the Hemet Police Department.  On

8  information and belief, the basis for such approval was based on the deputies'

9  self-serving statements that they feared PLAINTIFF presented a threat of harm

10  to themselves or others, despite the plethora of evidence to the contrary,

11  including evidence that PLAINTIFF was unarmed, submitted to the officers'

12  commands when she heard them, and never presented a risk of harm to the

13  officers or anyone else.

14      79.    Upon information and belief, a final policymaker has determined

15  that the acts of Defendants SCHROEDER, VAEOSO and DOES 1-6  were

16  "within policy."

17      80.    The following are only a few examples of cases where the

18  involved deputies were not disciplined, reprimanded, retrained, suspended, or

19  otherwise penalized in connection with the underlying acts giving rise to the

20  below lawsuits, which indicates that the CITY OF HEMET routinely ratifies

21  such behavior:

22      (a)    In *Acosta. v. City of Hemet, et al.*, case number 5:19-CV-

23      00779-CJC, Defendant CITY settled with an unarmed man who was

24      shot in the back by CITY officers;

25      (b)    In *Erickson v. City of Hemet, et al.*, case number 5:19-CV-

26      00779-CJC, Defendant CITY settled with a man who was attacked

27      by a K-9.

28

COMPLAINT FOR DAMAGES

81.   By reason of the aforementioned acts and omissions, PLAINTIFF has and will suffer past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity.

82.   Accordingly, DEFENDANTS CITY OF HEMET and DOES 6-10, inclusive, are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

83.   PLAINTIFF also seeks attorneys' fees and costs of suit.

## FIFTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(By PLAINTIFF against all DEFENDANTS)

84.   PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 83, inclusive, as if fully set forth herein.

85.   DEFENDANTS SCHROEDER, VAEOSO and DOES 1-6, inclusive, while working as officers, sergeants, and in other capacities, for the Hemet Police Department, and acting within the course and scope of their duties, shot, and brutally attacked PLAINTIFF.  As a result of the actions of Defendants SCHROEDER, VAEOSO and DOES 1-6, inclusive, PLAINTIFF was seriously injured.  Defendants SCHROEDER, VAEOSO and DOES 1-6, inclusive, had no legal justification for using force against PLAINTIFF, and Defendants SCHROEDER, VAEOSO and DOES 1-6's use of force while carrying out their duties as officers was unreasonable under the circumstances.

86.   At all relevant times, PLAINTIFF was not an immediate threat of bodily injury to anyone, including DEFENDANTS.

87.   DEFENDANT CITY and DOES 6-10, inclusive, are directly liable and responsible for the acts of Defendants SCHROEDER, VAEOSO and DOES 1-6, inclusive, because DEFENDANT CITY and DOES 6-10, inclusive,

1    failed to adequately train, discipline, supervise, or in any other way control

2    Defendants SCHROEDER, VAEOSO and DOES 1-6, inclusive, in the

3    exercise of their unlawful use of excessive and unreasonable force.

4        88.    DEFENDANT CITY is vicariously liable for the wrongful acts of

5    Defendants SCHROEDER, VAEOSO and DOES 1-6, inclusive, pursuant to

6    section 815.2(a) of the California Government Code, which provides that a

7    public entity is liable for injuries caused by its employees within the scope of

8    the employment is the employees' acts would subject them to liability.

9        89.    The conduct of Defendants SCHROEDER, VAEOSO and DOES

10    1-6, inclusive, was malicious, wanton, oppressive, and accomplished with a

11    conscious disregard for the rights of PLAINTIFF, entitling PLAINTIFF to an

12    award of exemplary and punitive damages.

13        90.    PLAINTIFF is claiming past and future medical expenses

14    pursuant to this claim and damages for loss of earning capacity.  PLAINTIFF

15    also seeks attorney fees under this claim pursuant to California Code of Civil

16    Procedure § 1021.5.

17

18                    **SIXTH CLAIM FOR RELIEF**

19        **Negligence (Cal. Govt. Code § 820 and California Common Law)**

20                (By PLAINTIFF against all DEFENDANTS)

21        91.    PLAINTIFF repeats and re-alleges each and every allegation of

22    paragraphs 1 through 90, inclusive, as if fully set forth herein.

23        92.    Police officers, including DEFENDANTS, have a duty to use

24    reasonable care to prevent harm and injury to others.  This duty includes using

25    appropriate tactics, giving appropriate commands, giving appropriate

26    warnings, and not using any force unless necessary, using the least amount of

27    force necessary, and only using deadly force as a last resort.  These duties also

28

include providing proper training and equipment to deputies so that they may perform their duties in accordance with the department policies, properly investigate use of force incidents, and punish, re-train, terminate, and/or prosecute violators of those policies and the law.

93.    The DEFENDANTS breached their duty of care.    Upon information and belief, the actions and inactions of DEFENDANTS were negligent and reckless, including but not limited to:

(a)    the failure to properly and adequately assess the need to use force against PLAINTIFF;

(b)    the negligent tactics and handling of the situation with PLAINTIFF, including actions before the physical attack;

(c)    the negligent scope and manner of the detention, arrest, and use of force, against PLAINTIFF;

(d)    the failure to properly train and supervise employees, both professional and non-professional, including Defendants SCHROEDER, VAEOSO and DOES 1-6, inclusive;

(e)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs and protect the rights of PLAINTIFF;

(f)    the negligent handling of evidence, witnesses, and the negligent investigation of the use of excessive force against PLAINTIFF; and

(g)    the failure to punish, re-train, terminate, and/or prosecute violators of Department policies and the law.

94.    As a direct and proximate result of DEFENDANTS' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was

COMPLAINT FOR DAMAGES

1  caused to suffer severe past and future mental and physical pain and suffering,

2  loss of enjoyment of life, medical expenses, and lost earning capacity.

3      95.   At all relevant times, PLAINTIFF was not an immediate threat to

4  anyone, including DEFENDANTS.

5      96.   The CITY is vicariously liable for the wrongful acts of

6  DEFENDANTS pursuant to section 815.2(a) of the California Government

7  Code, which provides that a public entity is liable for the injuries caused by

8  its employees within the scope of the employment if the employees' act would

9  subject him or her to liability.

10      97.   PLAINTIFF seeks attorneys' fees under this claim pursuant to

11  California Code of Civil Procedure § 1021.5.

12

13  **SEVENTH CLAIM FOR RELIEF**

14  **(Violation of Cal. Civ. Code § 52.1 and California Common Law)**

15  (By PLAINTIFF against all DEFENDANTS)

16      98.   PLAINTIFF repeats and re-alleges each and every allegation in

17  paragraphs 1 through 97 of this Complaint with the same force and effect as

18  if fully set forth herein.

19      99.   The Bane Act, the California Constitution and California common

20  law prohibit the use of excessive force by law enforcement. California Civil

21  Code, Section 52.1(b) authorizes a private right of action and permits survival

22  actions for such claims. *See Bay Area Rapid Transit Dist. v. Superior Court*,

23  38 Cal.App.4th 141, 144 (1995). "[A] successful claim for excessive force

24  under the Fourth Amendment provides the basis for a successful claim under

25  § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir.

26  2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he

27  elements of the excessive force claim under § 52.1 are the same as under §

28

COMPLAINT FOR DAMAGES

1  1983."); *Bender v. Cnty. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an

2  unlawful [seizure]—when accompanied by unnecessary, deliberate and

3  excessive force—is [] within the protection of the Bane Act").

4      100. DEFENDANTS violated PLAINTIFF'S Fourth Amendment

5  rights to be free from unreasonable seizures when they used excessive and

6  unreasonable force against her.   DEFENDANTS specifically intended to

7  violate PLAINTIFF'S constitutional rights as stated above, as demonstrated

8  by DEFENDANT'S reckless disregard for PLAINTIFF'S constitutional

9  rights.   Thus, PLAINTIFF can recover for violation of the Bane Act.  *See*

10  *Reese v. County of Sacramento*, 888 F.3d 1030, 1040-45 (2018).

11      101.  On May 2, 2020, DEFENDANTS shot PLAINTIFF in the back

12  with a kinetic impact device despite that she was unarmed and presented no

13  threat to the officers or anyone else.   DEFENDANTS then brutally

14  manhandled PLAINTIFF as she writhed in pain from the shots.

15      102.  DEFENDANTS violated PLAINTIFF'S Constitutional right to be

16  free from excessive and unreasonable force by police officers.

17  DEFENDANTS intended to violate PLAINTIFF'S rights and/or acted with

18  reckless disregard with regard to PLAINTIFF'S Constitutional rights, which

19  is evidence that they intended to violate PLAINTIFF'S rights.

20      103.  PLAINTIFF was caused to suffer severe pain and suffering.  The

21  conduct of DEFENDANTS was a substantial factor in causing the harm,

22  losses, injuries, and damages of PLAINTIFF.

23      104. CITY is vicariously liable for the wrongful acts of

24  DEFENDANTS pursuant to section 815.2(a) of the California Government

25  Code, which provides that a public entity is liable for the injuries caused by

26  its employees within the scope of the employment if the employee's acts

27  would subject him or her to liability.

28

COMPLAINT FOR DAMAGES

105. The conduct of the individual DEFENDANTS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling her to an award of exemplary and punitive damages. PLAINTIFF also seeks costs and attorneys' fees.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, KAREN MENDOZA, requests entry of judgment in her favor against CITY OF HEMET, Defendants SCHROEDER, VAEOSO and DOES 1-10, inclusive, as follows:

1.    For compensatory damages, according to proof at trial, under federal and State law;

2.    For punitive and exemplary damages against the individual defendants in an amount to be proven at trial;

3.    For statutory damages;

4.    For reasonable attorneys' fees including litigation expenses;

5.    For costs of suit and interest incurred herein; and

6.    For such other and further relief as the Court may deem just and proper.

Dated: July 7, 2021                THE LAW OFFICES OF DALE K. GALIPO
                                   LAW OFFICES OF GRECH & PACKER

                                   /s/        *Trenton C. Packer*
                                   Dale K. Galipo, Esp.
                                   Marcel F. Sincich, Esq.
                                   Trent C. Packer, Esq.

                                   *Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

2          PLAINTIFF hereby submits this demand that this action be tried in front of

3    a jury.

4

5    Dated: July 7, 2021                THE LAW OFFICES OF DALE K. GALIPO
                                        LAW OFFICES OF GRECH & PACKER
6

7                                       /s/          *Trenton C. Packer*
                                        Dale K. Galipo, Esp.
8                                       Marcel F. Sincich, Esq.
                                        Trent C. Packer, Esq.

9    *Attorneys for Plaintiff*

10

11

12

13

14                                      .      .

15

16

17

18

19

20

21

22

23

24

25

26

27

28